**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Les Grennell; Robin Grennell, | No. CV-12-0633-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| EMC Mortgage Corporation; Quality Loan Service Corporation, | |
| Defendants. | |

The court has before it defendant EMC Mortgage LLC's motion to dismiss (doc. 5), defendant Quality Loan Service Corporation's motion to dismiss (doc. 6), plaintiffs' responses (docs. 7, 9), defendants' replies (docs. 10, 11), and defendants' motion to strike (doc. 12).

On December 7, 2006, plaintiffs executed a Deed of Trust securing a Promissory Note in the principal amount of $272,523 for the purchase of real property located in Phoenix, Arizona. Plaintiffs became delinquent on their loan payments and on June 24, 2009, defendant Quality Loan recorded a notice of trustee's sale.

On February 19, 2010, plaintiffs filed a complaint in this court alleging state law claims including breach of contract, negligent misrepresentation, and fraudulent concealment, against various defendants, including EMC Mortgage and Quality Loan—the

same defendants in this case. See CV-09-2148-PHX-ROS ("2009 Complaint"). On June 9, 2010, pursuant to a stipulation by the parties, Judge Silver dismissed all claims against Quality Loan without prejudice. On November 5, 2010, Judge Silver dismissed with prejudice all claims asserted in the 2009 Complaint against all remaining defendants, including EMC Mortgage. Defendants now contend that the claims asserted in the 2009 Complaint arose out of the same operative facts, including the same Note and Deed of Trust at issue in this case, and that therefore the claims asserted in this case are barred by res judicata. We agree.

Res judicata bars relitigation of issues that were asserted or could have been asserted in a previous action between the parties. The defense of res judicata requires (1) an identity of claims, (2) final judgment on the merits in the previous litigation, and (3) identity of the parties or their privies. Hall v. Lalli, 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999).

In the 2009 Case, the plaintiffs litigated the validity of EMC's standing as beneficiary to commence a non-judicial foreclosure. Final judgment was entered in favor of EMC on the merits of the claim. Plaintiffs again challenge EMC's authority under the Deed of Trust and Note, asserting in essence a "show me the note" argument. Because this claim has already been finally adjudicated, the reassertion of the claim against EMC and Quality Loan, who is in privity with EMC, is barred by res judicata.

Even if we considered the merits of plaintiffs' claims, we would nevertheless dismiss them with prejudice. In the present case, plaintiffs acknowledge that they defaulted on their loan. They seek avoidance of a trustee's sale by challenging whether Quality Loan, the current trustee, was properly appointed by the beneficiary. They also claim that EMC lacked appropriate authority to conduct the trustee's sale because it was not the holder of the underlying Note secured by the Deed of Trust and therefore it lacked authority to conduct a trustee's sale. Although they deny that they sue under a "show me the note" theory, they argue that EMC must demonstrate that it holds rights under the Note before initiating foreclosure proceedings. This argument has been consistently rejected by Arizona courts. See, e.g., Hogan v. Washington Mut. Bank, 227 Ariz. 561, 564, 261 P.3d 445, 448 (Ct. App.

1  2011) (rejecting the "show me the note" theory and holding that Arizona's non-judicial
2  foreclosure statute does not require presentation of the original note before commencing
3  foreclosure proceedings). In addition, the record shows that Quality Loan was properly
4  appointed as trustee pursuant to a Substitution of Trustee recorded on June 25, 2009.
5  Compl., ex. B. Plaintiffs have again failed to assert a viable claim for relief.

6  For all of these reasons, **IT IS ORDERED GRANTING** EMC Mortgage LLC's
7  motion to dismiss (doc. 5). **IT IS FURTHER ORDERED GRANTING** defendant Quality
8  Loan's motion to dismiss (doc. 6).

9  Defendants' motion to strike is **DENIED** (doc. 12).

10  DATED this 30th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge